**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Jeffrey JAY, Defendant-Appellant.**

No. 84–1205.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1985.

---

Craig S. Cook, Salt Lake City, Utah, for defendant-appellant.

Lawrence S. Leigh, Asst. U.S. Atty. (Brent D. Ward, U.S. Atty., Peter Stirba, Asst. U.S. Atty., on briefs), Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN and MOORE, Circuit Judges, and WEST *, District Judge.

LEE R. WEST, District Judge.

Upon trial to a jury, defendant was convicted of five counts of wire fraud pursuant to 18 U.S.C. § 1343. Defendant's sole proposition of error is that the evidence is insufficient to sustain his conviction.

Title 18 U.S.C. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

Defendant contends the evidence fails to establish the first element of the offense: that he devised a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Defendant admits utilization of interstate wire facilities.

In reviewing a criminal conviction, we examine the evidence in the light most favorable to the Government in order to determine whether the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, is substantial enough to establish guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Kendall*, 766 F.2d 1426 (10th Cir.1985).

Defendant is president of Capital Games, Inc., a Florida corporation. Defendant placed newspaper and magazine advertisements throughout the United States representing that his corporation was a supplier of coin operated video games. Larry and Cynthia Dennis (the "Dennises") read defendant's advertisement in their local newspaper, and called defendant's toll-free number. Defendant then flew to Salt Lake City, Utah, to meet with the Dennises.

At the meeting, defendant represented that: (1) he purchased video games directly from the manufacturer, (2) he had a large warehouse in Florida stocked with video games, and (3) he had the most popular video games such as Centipede, Donkey Kong, Ms. Pac-Man, and Frogger. A major selling point was defendant's representation of quick delivery. Defendant "guaranteed" delivery within ten to fourteen days of payment. Defendant's sole employee testified it was defendant's practice

---

* The Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, sitting by designation.

to make these representations to prospective customers.

The Dennises agreed to purchase ten video games at a total cost of $28,950. The Dennises presented defendant a cashier's check for $2,000 and, after arranging financing through their bank, wired defendant the remaining $26,950. The very day the Dennises wired the money, defendant represented to the Dennises, via telephone, that the video games were in the warehouse, marked and ready to be shipped that day. Defendant once again promised the Dennises that they would have their video games within ten days. Ten days passed. The video games never arrived. The Dennises repeatedly called defendant's toll-free number. Defendant never returned the calls.

Eventually, the Dennises obtained a second telephone number and finally reached defendant. Defendant claimed there had been a delay in the shipment, but that the video games had now been sent via Yellow Truck Lines of Florida. The Dennises checked with Yellow Truck Lines, which denied the shipment. The Dennises again called defendant. Defendant said he had made a mistake, that the games were being shipped by MCI Trucking Co. They were not. The Dennises called defendant again. This time defendant said the games were being shipped through a Texas truck line. Again, they were not.

Testimony at trial revealed defendant did not purchase video games directly from the manufacturer. He did not deliver the games within ten to fourteen days. He did not ship the games via Yellow Truck Lines, MCI, or a Texas truck line, or at all. He had no warehouse. He stocked no video games. The Dennises never saw their money again.

We hold that the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, is substantial enough for a jury to find, beyond a reasonable doubt, that defendant devised a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Defendant's conviction of wire fraud is AFFIRMED.

AFFIRMED.